MASON v. WARD. (No. 7903.)

(Court of Civil Appeals of Texas. Ft. Worth. March 28, 1914.)

1. LANDLORD AND TENANT (§ 330*)—RENTING ON SHARES — PURCHASERS FROM TENANT — LIABILITY TO LANDLORD.

If the lease from B. to A. provided B. should receive as rent, not one-fourth of the cotton raised, but one-fourth of the proceeds of the cotton, neither B. nor M., who, during the life of the lease, bought the land, has any claim against W. because of his buying the cotton of A.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1394–1399; Dec. Dig. § 330.*]

2. LANDLORD AND TENANT (§ 330*)—RENTING ON SHARES — PURCHASERS FROM TENANT — LIABILITY TO LANDLORD.

If the lease from B. to A. provided that B. should receive as rent one-fourth of the cotton raised, then title to such part of the cotton raised and gathered vested in B., making W. liable to B. because of buying B.'s share of A., unless A. had an unrevoked agency from B. to sell his share.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1394–1399; Dec. Dig. § 330.*]

3. PRINCIPAL AND AGENT (§ 8*)—CREATION OF RELATION.

If the lease of B. to A. provided B. was to receive as rent one-fourth of the cotton rais-

ed, so that title to one-fourth of the cotton raised and gathered vested in B., then an agreement by B. or M., successor in title to the land, with A., to sell the landlord's part of the cotton, would be merely an appointment of A. to do so as agent of the landlord.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 16, 18; Dec. Dig. § 8.*]

4. PRINCIPAL AND AGENT (§ 33*)—REVOCATION OF AGENCY.

Agency of a tenant to sell the landlord's share of the cotton raised, not inuring to the financial benefit of the agent, can be revoked.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 54; Dec. Dig. § 33.*]

5. PRINCIPAL AND AGENT (§ 193*)—REVOCATION—PEREMPTORY INSTRUCTION.

There being testimony of a revocation of an agency, which revocation, if made, would make defendant liable to plaintiff, it was error to instruct peremptorily for defendant.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 721½–726; Dec. Dig. § 193.*]

Appeal from Taylor County Court; J. W. Moffett, Special Judge.

Action by J. C. Mason against J. K. Ward. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Cunningham & Sewell, of Abilene, for appellant. Scarborough & Hickman, of Abilene, for appellee.

DUNKLIN, J. W. M. Brown leased a farm to Sam Ashby for the year 1912. During the life of the lease Brown sold the land to J. C. Mason. Ashby sold J. K. Ward 15 bales of the cotton raised by him on the farm. Mason, claiming that one-fourth of said cotton was due him under the lease contract, sued Ward to recover the value of the same, which he alleged to be $237.55.

Two contentions were urged by Ward in defense of the plaintiff's demand. One was that, under the lease contract from Brown, Ashby was authorized to sell the cotton and to pay over to Brown one-fourth of the proceeds, and that Mason, in buying the land, took it subject to this contract. The other contention was that, after Mason purchased the land, he expressly authorized Ashby to sell the cotton with the understanding that one-fourth of the proceeds would be paid to Mason as rents.

In obedience to a peremptory instruction from the trial judge, a verdict was returned in favor of the defendant Ward, from which judgment Mason has appealed.

[1-5] If, by the terms of the lease contract between Brown and Ashby, it was agreed that Brown should receive as rents one-fourth of the proceeds of the cotton instead of one-fourth of the cotton itself, then neither Brown nor Mason could assert any claim against Ward for buying the cotton. If the lease contract provided that Brown was to receive one-fourth of the cotton as rent, then the title to one-fourth of the cotton raised and gathered was vested in Brown. If such was the contract, an agreement by Brown or

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Mason for Ashby to sell the landlord's part of the cotton would be merely an appointment of Ashby to do so as the agent of the landlord, and there is nothing in the testimony which would indicate that the landlord would not have the right to revoke such agency, as it does not appear that such agency in any manner inured to the financial benefit of Ashby. Ashby was the only witness who testified to the terms of his lease from Brown, and, according to some of his testimony, it seems that Brown was to receive one-fourth of the cotton grown as rentals, and that Ashby was appointed agent of Brown to sell the latter's interest in the cotton. According to testimony of Mason, after he purchased the land Ashby recognized the right in Mason to receive one-fourth of the cotton grown on the land. Mason admitted that, prior to the sale by Ashby of the 15 bales to Ward, Ashby sold some 23 other bales and placed one-fourth of the proceeds thereof to Mason's credit in bank, and that Mason accepted the same. His action in so doing tended to show authority from Mason to Ashby to sell the 15 bales to Ward. Of course, if Ashby had the consent of Mason to make the sale to Ward, he would have no right to recover of Ward. But Mason testified further that before the sale to Ward he expressly notified Ashby not to sell any more of the rent cotton, but to turn over the same to Mason's agent. Such being the evidence, the trial court committed error in peremptorily instructing a verdict in favor of Ward, and for this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

CONNER, C. J., not sitting.